BERTHA WASHINGTON, Plaintiff-Appellee, v. SHING IE YEN, Defendant-Appellant.

First District (5th Division)   No. 1—89—3057

Opinion filed May 31, 1991.—Rehearing denied July 17, 1991.

Baker & McKenzie, of Chicago (Francis D. Morrissey, J. Kent Mathewson, Michael A. Pollard, and John M. McGarry, of counsel), for appellant.

James A. Martinkus, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed suit against defendant alleging negligence in the performance of hand surgery. Prior to trial, the trial judge denied the defendant's motion to disqualify the plaintiff's expert witness. During

trial, defense counsel cross-examined both the plaintiff and the plaintiff's expert witness but was unable to elicit information concerning the expert's financial interest in the case. The jury returned a verdict in favor of plaintiff in the amount of $756,732. The trial judge found the award to be the result of passion and prejudice and ordered a remittitur of $250,000. On appeal, both parties have raised several issues. We limit ourselves to (1) whether the plaintiff's expert witness was qualified to state an opinion as a medical expert; and (2) whether defense counsel's unsuccessful efforts on cross-examination to elicit information concerning the expert's financial interest in the case constitute reversible error.

We reverse and remand for a new trial.

Relevant to our disposition are the following facts as disclosed by the record. On May 26, 1978, defendant performed hand surgery on the plaintiff. After the surgery, the condition of the plaintiff's hand worsened and she developed reflex sympathetic dystrophy. This suit followed.

Prior to trial, plaintiff arranged to videotape the deposition of Dr. Richard Gardner, an orthopedic surgeon, with the intention of tendering him as an expert medical witness. Dr. Gardner's testimony indicated that he was a licensed and board-certified orthopedic surgeon with extensive experience in hand surgery. Nonetheless, defense counsel moved to disqualify Dr. Gardner as a medical expert, alleging, among other things, that Dr. Gardner had been disqualified to serve as a medical expert in other jurisdictions. After viewing the videotape, the trial judge ruled that Dr. Gardner was qualified to testify as a medical expert. The trial judge stated that defense counsel's objections impinged upon Dr. Gardner's credibility, not upon his qualifications as a medical expert.

At trial, defense counsel cross-examined Dr. Gardner on his financial interest in this case. Dr. Gardner repeatedly evaded answering the questions. Several examples from the record typify these evasive tactics:

"Q. Doctor, how much are you charging for your testimony today?

A. I don't know the full amount.

Q. What are you charging per hour for your preparation for today's testimony?

A. I don't have an hourly fee.

Q. Doctor, how much do you charge for your time in giving depositions?

A. It varies.

Q. How much are you charging for today's deposition?

A. I don't recall what the total bill is."

In an attempt to explain these answers, Dr. Gardner stated that his staff prepared the bills without any instruction from him.

Defense counsel's objections to the evasive tactics of Dr. Gardner were overruled. The trial judge reasoned that defense counsel would have the opportunity to elicit the information upon later cross-examination of the plaintiff. The trial judge also expressly instructed plaintiff's counsel to prepare the plaintiff for such questioning. When the plaintiff subsequently took the stand, she disclaimed any knowledge of her fee arrangements with Dr. Gardner.

The jury returned a verdict in favor of the plaintiff. Defendant filed this appeal.

## Opinion

■ It lies within the sound discretion of the trial judge to determine if a witness is qualified to state an opinion as a medical expert. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) In this case, the trial judge considered Dr. Gardner's qualifications as a licensed and board-certified orthopedic surgeon and ruled that he was qualified to state an opinion as a medical expert. The trial judge also stated that defense counsel's objections impinged upon Dr. Gardner's credibility, not upon his qualifications as an expert. We agree and hold that the trial judge's ruling was not an abuse of discretion.

■ The Illinois Supreme Court has held that a defendant has the right to cross-examine witnesses concerning the bias, partisanship, and financial interest of an expert witness. (*Trower v. Jones* (1988), 121 Ill. 2d 211, 520 N.E.2d 297.) Furthermore, a trial judge should allow defense counsel the widest possible latitude necessary to elicit this information; if defense counsel is denied this information, reversible error occurs. *Sears v. Rutishauser* (1984), 102 Ill. 2d 402, 466 N.E.2d 210.

■ In this case, defense counsel questioned Dr. Gardner numerous times concerning his financial interest in this case. Dr. Gardner continually refused to provide an answer. We hold that this was reversible error. Furthermore, Dr. Gardner's explanation that he did not know his financial interest because his staff prepared his bills without instruction from him is completely unpersuasive and without merit.

To compound matters, defense counsel was unable to elicit the information from the plaintiff even after the trial judge expressly instructed plaintiff's counsel to prepare the plaintiff for such questioning. As the defendant states in his brief, the most likely interpretation

of this scenario is that there was a concerted effort to conceal the information about Dr. Gardner's financial interest in the case. These efforts will not be countenanced by this court. Accordingly, we reverse and remand for a new trial.

Because a new trial will provide for a disposition unrelated to the disposition below, it is unnecessary to address the issues raised by both parties concerning the size of the award or the propriety of the trial judge's remittitur.

Reversed and remanded.

MURRAY and GORDON, JJ., concur.